UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARTIN GREER,

    Plaintiff,

v.                                                CASE NO: 8:04-cv-2034-T-23MSS

HILLSBOROUGH COUNTY
SHERIFF'S DEPARTMENT, et al.,

    Defendants.
_____/

## **ORDER**

      Pursuant to 42 U.S.C. § 1983, Martin Greer, *pro se*, sues the Hillsborough County Sheriff's Department ("Sheriff's department") for false arrest. The Sheriff's department moves (Doc. 6) to dismiss. Mr. Greer asserts that when officers from the Sheriff's department placed him in custody pursuant to Florida Statute 394.495, the Baker Act, the Sheriff's department violated his constitutional right to be free from unreasonable seizure and excessive force.

      Mr. Greer's Baker Act "arrest" occurred in the office of his wife's therapist. The therapist interpreted statements of Mr. Greer to be suicidal and called the Sheriff's department. Officers responding to the call attempted to transport Mr. Greer to a psychiatric facility for evaluation. Mr. Greer refused to cooperate. One of the officers subdued Mr. Greer with a "stun gun" and placed Mr. Greer in a police cruiser. Mr. Greer asserts that he remained in the cruiser for many hours before the officers delivered him

to the facility. Mr. Greer asserts that the facts establish unreasonable seizure and excessive force in violation of his constitution rights.

Although permitted to sue a county sheriff under 42 U.S.C. § 1983, a plaintiff cannot rely on the theory of *respondeat superior*. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978) ("a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents"); see also McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004); Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003). To assert a section 1983 claim against the Sheriff's department, Mr. Greer must demonstrate the violation of a constitutional right caused by enforcement of a policy or custom of the Sheriff's department. McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing Canton v. Harris, 489 U.S. 378 (1989)).

Even assuming a constitutional violation occurred,[1] Mr. Greer fails to demonstrate that a policy or custom of the Sheriff's department caused the constitutional deprivation. Absent a policy that deprives Mr. Greer of a constitutional right, the Sheriff's department incurs no liability for Mr. Greer's seizure, even if unconstitutional. Cochrane v. Harvey, No. 4:04CV475-RH/WCS, 2005 WL 2176874 *4 (N.D. Fla. Sep. 01, 2005) (refusing to permit a claim against county sheriff who seized the plaintiff pursuant to Florida's Baker

---

[1] To demonstrate a constitutional violation, Mr. Greer bears the difficult burden of demonstrating an unreasonable seizure and excessive force. "To prevail on the issue of qualified immunity, [the sheriff's department] need only establish that there was 'arguable probable cause.'" Cochrane v. Harvey, No. 4:04CV475-RH/WCS, 2005 WL 2176874 *3 (N.D. Fla. Sep. 01, 2005) (internal citation omitted). Further, officers are entitled to use force to execute a lawful arrest. Graham v. Connor, 490 U.S. 386 (1989) ("the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it."); see also Rodriguez v. Farrell, 280 F.3d 1341, 1351 (11th Cir.2002) ("the typical arrest involves some force and injury").

Act because the plaintiff fails to allege a policy or custom resulting in a constitutional violation); see also City of Canton v. Harris, 489 U.S. 378, 385 (1989) ("a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue"); Monell v. Department of Social Services, 436 U.S. 658, 694 (1978) (a government entity is responsible under section 1983 only "when execution of a government's policy or custom . . . inflicts the injury").  Mr. Greer's allegations describe only the actions of the officers and fail to allege any department policy causing a constitutional deprivation.  Davis v. DeKalb County School Dist., 233 F.3d 1367, 1375 (11th Cir. 2000) (a plaintiff must identify the policy or custom which causing the injury).  The complaint fails to state a claim against the Sheriff's department.  Accordingly, the claim pursuant to 42 U.S.C. § 1983 is **DISMISSED**.

Mr. Greer's complaint also alleges violations of Florida Statute 394.459 (the "Baker Act") and 42 U.S.C. §§ 9501 (the "Bill of Rights for Mental Health Patients"), 10841 (the "Restatement of Bill of Rights for Mental Health Patients"), and 14141 (the "Violent Crime Control and Law Enforcement Act").

To the extent the plaintiff attempts to assert a federal claim pursuant to section 1983 for a violation of the Baker Act, the complaint fails to state a claim.  A plaintiff "may not maintain a section 1983 claim based on a violation of Florida's Baker Act, as the Baker Act is not a federal constitution or law of the United States."  Constantino v. Madden, No. 802CV1527T27TGW, 2003 WL 22025477 *4 (M.D. Fla Apr. 1, 2003) (citing Knight v. Jacobson, 300 F.3d 1272, 1276 (11th Cir.2002)).

Mr. Greer's claims pursuant to the federal Bill of Rights for Mental Patients and the Restatement of the Bill of Rights, 42 U.S.C. §§ 9501, 10841, also fail to state a claim. Neither statute provides the plaintiff an enforceable federal right. See e.g. Monahan v. Dorchester Counseling Center, Inc., 961 F.2d 987, 995 (1st Cir. 1992) Brooks v. Johnson and Johnson, Inc., 685 F. Supp. 107 (E.D. Pa. 1988). The Supreme Court reviewing a similarly drafted statute held that "the lack of any sanctions for violation of the Developmentally Disabled Bill of Rights[, 42 U.S.C. § 6010,] renders its provisions 'hortatory, not mandatory.'" Pennhurst State School & Hospital v. Halderman, 451 U.S. 1, 22-23 (1981) (section 6010 "does no more than express a Congressional preference for certain kinds of treatment."). Sections 9501 and 10841 contain similarly precatory language.[2] Monahan v. Dorchester Counseling Center, Inc., 961 F.2d 987, 995 (1st Cir. 1992) ("[the statutes'] use of the terms 'should' and 'the

---

[2] The opening paragraph of 42 U.S.C. § 9501 states:

> It is the sense of the Congress that each State should review and revise, if necessary, its laws to ensure that mental health patients receive the protection and services they require; and in making such review and revision should take into account the recommendations of the President's Commission on Mental Health.

Similarly, the opening paragraph of 42 U.S.C. § 10841 states:

> It is the sense of the Congress that, as previously stated in title V of the Mental Health Systems Act [42 U.S.C.A. § 9501 et seq.], each State should review and revise, if necessary, its laws to ensure that mental health patients receive the protection and services they require, and that in making such review and revision, States should take into account the recommendations of the President's Commission on Mental Health.

Because the language of the two statutes is virtually identical, analysis of one statute informs analysis of the other. See Croft v. Harder, 730 F.Supp. 342, 350-51 (D.Kan 1989) (applying the Pennhurst interpretation to § 9501).

sense of Congress' indicate that the statute is merely precatory"); see also Brooks v. Johnson and Johnson, Inc., 685 F. Supp. 107, 109 (E.D. Pa.1988) (holding that "[t]he language of 10841 is even more clearly precatory than that analyzed in Pennhurst" and "§ 0841 merely encourages states to review their laws and, in making this review, to 'take into account' the recommendation that mental health patients 'should be accorded' the rights enumerated in § 10841(1)."). Neither section creates a federally enforceable right, and the plaintiff can state no claim under either section. Accordingly, the plaintiff's claims under 42 U.S.C. §§ 9501, 10841 are **DISMISSED WITH PREJUDICE**.

The Violent Crime Control and Law Enforcement Act grants authority to only the Department of Justice to initiate a civil action against a law enforcement agency. 42 U.S.C. § 14141. Section 14141(b), "Cause of Action," prescribes a civil action by Attorney General and states:

> Whenever the Attorney General has reasonable cause to believe that a violation of paragraph (1) has occurred, the Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice.

42 U.S.C. § 14141(b). Accordingly, no private right of action exists under 42 U.S.C. § 14141, and Mr. Greer fails to state a claim for relief. See e.g. Batchelor v. Village of Evergreen Park, No. 03 C 5337, 2004 WL 756193 *1 (N.D. Ill. Feb. 14, 2004); Inkel v. Bush, No. 3:04CV69 (JBA), 2004 WL 2381747 *3 (D. Conn. Oct. 19, 2004). The claims under 42 U.S.C. § 14141 are **DISMISSED WITH PREJUDICE**.

The plaintiff's complaint fails to state a claim and is **DISMISSED**.[3]  The Clerk is directed to (1) terminate any pending motion and (2) close the case.

ORDERED in Tampa, Florida, on September 30, 2005.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:  US Magistrate Judge
     Courtroom Deputy

---

[3] The defendant asserts Eleventh Amendment immunity but fails to demonstrate entitlement to the immunity.  A recent Eleventh Circuit decision refusing to afford Eleventh Amendment immunity to a Florida county sheriff contradicts the defendant's argument that the Sheriff department is an arm of the state.  <u>Abusaid v. Hillsborough County Board of Commissioners</u>, 405 F.3d 1298 (11th Cir. 2005).  Further, because the Eleventh Circuit issued the <u>Abusaid</u> decision after the parties' memoranda were filed, nothing on the record addresses the issue of Eleventh Amendment immunity in light of <u>Abusaid</u>.  <u>Abusaid</u> finds that Eleventh Circuit precedent "repeatedly [holds] that Florida's sheriffs are not arms of the state."  <u>Abusaid v. Hillsborough County Board of Commissioners</u>, 405 F.3d 1298, 1304 (11th Cir. 2005).  However, precedent notwithstanding, whether a Florida sheriff enjoys Eleventh Amendment immunity is determined on a "function-by-function basis."  <u>Abusaid v. Hillsborough County Board of Commissioners</u>, 405 F.3d 1298, 1305 (11th Cir. 2005).  Determination of Eleventh Amendment immunity by evaluating the "function" at issue requires more factual information than presented by pleadings.  Accordingly, the defendant fails to demonstrate entitlement to Eleventh Amendment immunity and the motion to dismiss based on Eleventh Amendment immunity is **DENIED**.